OPINION
Appellant, James E. Brown, appeals the judgment of the Jefferson County Court of Common Pleas sentencing him to a maximum prison term of five years pursuant to his plea of guilty to one count of gross sexual imposition. For the following reasons, we affirm the decision of the trial court.
On February 3, 1997, Appellant was arrested in connection with an incident which occurred on October 1, 1996. At the time of his arrest Appellant admitted to officers that he had lifted up the nightgown of a five year old girl and touched her vagina through her underwear. The victim was the daughter of a friend with whom Appellant was staying. On March 12, 1997, the grand jury indicted Appellant on one count of gross sexual imposition in violation of R.C. § 2907.05 (A) (4).
On March 19, 1997, Appellant entered a plea of not guilty. However, on April 24, 1997, Appellant entered a change of plea to guilty. The trial court accepted the guilty plea after finding that Appellant was informed of the consequences of pleading guilty and after further finding that he made the plea voluntarily and knowingly.
On May 21, 1997, following a pre-sentence investigation, the trial court held a hearing for sentencing and to determine whether Appellant is a sexual predator. Following testimony by a witness for the state, testimony from Appellant and a statement by the victim's mother, the trial court imposed the maximum possible prison sentence and determined that Appellant is a sexual predator. In its judgment entry imposing sentence, filed May 22, 1997, the court indicated that it had considered the record, the testimony, the presentence investigation report, the victim impact statement as well as the guidelines of R.C. §§ 2929.11 and .12. The court made specific written findings to support its imposition of the maximum sentence. On May 27, 1997, Appellant filed his notice of appeal.
Appellant's sole assignment of error alleges:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED THE DEFENDANT TO THE MAXIMUN PROVIDED BY LAW IN CONTRAVENTION OF OHIO REVISED CODE SECTIONS 2929.14
(B) AND (C)."
Appellant argues that the trial court committed reversible error by sentencing him to the maximum available prison term. Appellant argues that R.C. § 2929.14 (B) provides in relevant part that if the court imposes a term of imprisonment for a defendant and that defendant has not previously served a prison term, the court, "* * * shall impose the shortest prison term authorized for the offense, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender or others". Id. Appellant further alleges that the court erred by failing to present adequate factors when it did not sentence the Defendant to the minimum sentence provided by law.
Appellant also cites R.C. § 2929.14 (C) in support of his position. That section provides in relevant part that the court shall only impose the maximum prison sentence upon offenders, "who committed the worst forms of the offense [and] upon those offenders who pose the greatest likelihood of committing future crimes." Id. Appellant contends that his history does not indicate a likelihood of recidivism. He stated that he led a law abiding life prior to his conviction, that he expressed remorse for his actions, that he had no prior history of sexual offenses, that the criminal act occurred under circumstances not likely to recur and that he was willing to abide by any court order for counseling.
The record reflects that Appellant's argument lacks menu. Appellant pled guilty to a violation of R.C. § 2907.05 (A) (4) which states in pertinent part:
 "(A) No person shall have sexual contact with another, not the spouse of the offender * * * when any of the following applies:
"* * *
 "(4) The other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person."
A violation of this section is a felony of the third degree. R.C. § 2907.05 (B). A felony of the third degree carries a possible prison term of from one to five years. R.C. § 2929.14 (A) (3). The trial court sentenced Appellant to the maximum prison term authorized for the offense, five years. Since Appellant received the maximum prison term allowed for the offense and the sentence was imposed for only one offense, Appellant has an appeal of right. R.C. § 2953.08 (A) (1) (a).
R.C. § 2953.08 (G) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds," (a) That the record does not support the sentence; [or] * * * (d) That the sentence is otherwise contrary to law.
Therefore, we must examine Appellant's sentence with an eye towards whether the record supports the sentence or whether the sentence is otherwise contrary to law. State v. Roth (May 14, 1999), Belmont App. No. 97-BA-58; R.C. § 2953.08 (G) (1) (a), (d).
When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C. § 2929.11 (A). These overriding purposes are to protect the public from future crime by the offender and others and to punish the offender. R.C. § 2929.11 (A). To achieve those purposes, the sentencing court must, "* * * consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. § 2929.11 (A). Furthermore, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim * * *." R.C. § 2929.11 (B).
Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination: seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing. R.C. § 2929.12 (A); State v.Roth, supra.
The seriousness factors enumerated in R.C. § 2929.12 take one of two forms; factors that make an offense more serious than conduct normally constituting the offense and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. § 2929.12 (B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C. § 2929.12 (C). They are:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
The factors relating to the likelihood of recidivism are enumerated under R.C. § 2929.12 (D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 (2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 (4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
(5) The offender shows no genuine remorse for the offense."
Factors indicating that recidivism is not likely are enumerated under R.C. 2929.12 (E). They are:
 "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 "(4) The offense was committed under circumstances not likely to recur.
"(5) The offender shows genuine remorse for the offense."
For those felony offenders who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense. R.C. § 2929.14 (B). The sentencing court may impose a prison term longer than the shortest term authorized, but shorter than the longest term authorized, if the court finds on the record that the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. § 2929.14 (B). The sentencing court may impose the longest or maximum prison term authorized only if the offender has committed the worst form of the offense, the offender poses the greatest likelihood of committing future crimes, the offender is a major drug offender or the offender is a repeat violent offender. R.C. § 2929.14 (C).
In its judgment entry imposing sentence, the trial court stated:
 "The Court further finds that the Defendant is not amenable to a community control sanction and that prison is consistent with the purposes of R.C. 2929.11.
 "The Court finds pursuant to R.C. 2929.14 (B) that the shortest prison term possible will demean the seriousness of the offense and will not adequately protect the public and therefore imposes a greater term.
 "The Court finds pursuant to R.C. 2929.14 (2) that Defendant poses the greatest likelihood of recidivism and has committed the worse [sic] form of the offense.
 "The aggravating circumstances of the offense include but are not limited to the following:
 "1. Defendant was invited as a guest into the home of a friend and sexually molested their five (5) year old daughter while a guest in their home.
 "2. While no drugs or alcohol were used to subdue the victim she was asleep in bed when the offense began and awoke during the offense.
 "3. Defendant admitted the offense to the police upon arrest but then denied the offense to the Probation Officer during the PSI and then admitted the offense during sentencing. Defendant is in denial of his own personal conduct giving rise to the likelihood of continued improper conduct. Further, Defendant characterizes his conduct as a "mistake" apparently excusing himself from the conscious conduct of walking from his bedroom accommodations to that of the child and then molesting her while she slept.
 "4. While Defendant offered to engage in counseling in an effort to stay out of prison he gave no indication that he acknowledges the need for counseling other than as a tool to remain out of prison.
 "5. While Defendant appeared emotionally upset at times during sentencing his concern was clearly for himself and what might happen to him. Defendant has shown no remorse whatever for his conduct or the affect that it will have upon the victim and her family.
 "6. Defendant spent considerable time and effort into setting up the offense by endearing himself to the child at every possible opportunity prior to the offense. Clearly, his relationship to the victim and her was a factor in the commission of the offense."
It is clear that the trial court considered the overriding purposes of felony sentencing. It is equally clear that the trial court considered the factors relevant to the seriousness of the crime and to imposing the maximum sentence. We note specifically that the trial court concentrated on the fact that Appellant was in a position of confidence with the victim, having been invited into the victim's home, and endearing himself to the victim. This is supported by the victim impact statement given by the victim's mother who stated that Appellant earned the trust of her children by giving them, "everything a child could want; the love and attention that a father could give." (Sent. Tr. 20-21.)
The trial court's imposition of the maximum sentence was also largely influenced by Appellant's lack of remorse. The record supports the court's position here. Appellant testified at the sentencing hearing in response to his counsel's questions:
 "Q. In your own words can you tell the Court exactly what happened?
"A. What are you talking about?
"Q. This offense you're here for today.
"A. Made a mistake.
"Q. How do you feel about doing that?
"A. Bad."
(Sent. Tr. 15.) After reviewing the record, we agree with the trial court that Appellant has virtually no remorse for having committed the offense. Rather, as the trial court noted, the overall tone of any expressed contrition by Appellant was motivated by his desire to stay out of prison.
As we stated earlier, the trial court is also permitted to consider any factor that is relevant to achieving the purposes and principles of felony sentencing. R.C. § 2929.12 (A). With such discretion, in simply considering the facts of this case the trial court was justified in the imposition of the maximum prison sentence. Appellant garnered the favor of his victim by posing as a father figure. He molested the five year old child while she was sleeping. Subsequently, he showed practically no reservation about his act other than to state that he felt "bad."
We hold that the record supports the imposition of the maximum sentence on Appellant. The trial court determined that the maximum sentence is the most effective way to achieve the purposes of felony sentencing, to protect the public from future crime and to punish Appellant. Appellant has committed one of the worst forms of gross sexual imposition and his lack of remorse indicates he is likely to commit similar acts in the future. As such, the court was justified in imposing the maximum sentence. R.C. § 2929.14 (C); Any lesser sentence would demean the seriousness of Appellant's conduct and its impact on his victim. R.C. 2929.11 (B).
Appellant's assignment of error lacks merit and we affirm the judgment and sentence of the trial court.
Donofrio, J., and Vukovich, J., concurs.
APPROVED:
 _________________________ CHERYL L. WAITE, JUDGE